**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER J. ARENDAS, | : | Civil No. 09-6061 (JAP) |
| | : | |
| Plaintiff, | : | |
| | : | **O P I N I O N** |
| v. | : | |
| | : | |
| SOMERSET COUNTY SHERIFF'S | : | |
| DEPT., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

PETER J. ARENDAS, Plaintiff Pro Se
C/O Gerald Betzner, Esq.
17 E. Union Avenue
Bound Brook, New Jersey 08805

**PISANO**, District Judge:

Peter J. Arendas, an inmate who is currently confined at Monroe County Correctional

Facility in Stroudsburg, Pennsylvania, seeks to bring this action in forma pauperis without

prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison

account statement and the absence of three qualifying dismissals, pursuant to 28 U.S.C. §

1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis and direct the

Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).

Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for

failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff brings this Complaint against the Somerset County Sheriff's Department, Somerset County Sheriff's Officers Jeffrey Ader, Christopher Omelio, Jamie Mankowski, and Evan Sullivan.  Plaintiff, who was confined at Somerset County Jail when he submitted the Complaint, asserts that on September 28, 2009,  Sheriff's Officers Ader, Mankowski, Omelio and Sullivan

> w[ere] transport officer[s] in the days duty to deliver myself, a prisoner to a pre-trial conference in Monmouth County and to be brought before Hon. Judge Anthony J. Mellaci, Jr., of Monmouth County Superior Court . . . .  After transport arrival in Monmouth County Courthouse, I was placed in "Blue Box" shackles with a padlock device placed on me at Somerset County Jail.  I was left in a single man holding cell for "5" hours, shackled hands and feet, the cell was directly to the left of entrance into sheriff's waiting area.  The sheriffs left me in this cell form approx 10 a.m. to 3:30 p.m. with Monmouth Sheriffs unable to remove cuffs.  The sheriffs disappeared from 9:30 a.m. to 3:30 p.m.  There could have been a medical emergency.  I did not attend court.

(Docket Entry #1 at pp. 5-6.)

Plaintiff asserts that Sheriff's Officer Omelio also "participated in the issuance of a false complaint against me April 27th 2009 in Ocean County in a complaint falsely accusing me of terroristic threats in police case I-160-09 court code #1592, an act of obstruction of justice." (Docket Entry #1, p. 7.)

Plaintiff seeks damages under 42 U.S.C. § 1983 for violation of his constitutional right to due process of law.  (Docket Entry #1 at pp. 10-11.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915, 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided District Courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w]' that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

3

This pleading standard was further refined by the Supreme Court in Ashcroft v. Iqbal, 129

S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at 555.
> [Moreover,] the plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Id. [Indeed, even
> w]here a complaint pleads facts that are "merely consistent with" a
> defendant's liability, [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"  Id. at 557
> (brackets omitted).  [A fortiori,] the tenet that a court must accept
> as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions [or to t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s] couched as a factual
> allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement
> [or] that [defendants] adopted a policy "'because of,' not merely 'in
> spite of,' its adverse effects upon an identifiable group." . . . . [W]e
> do not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the conclusory nature of [these]
> allegations . . . that disentitles them to the presumption of truth. . . .
> [Finally,] the question [of sufficiency of] pleadings does not turn
> [on] the discovery process.  Twombly, 550 U.S. at 559 . . . . [The
> plaintiff] is not entitled to discovery [where the complaint asserts
> some wrongs] "generally," [i.e., as] a conclusory allegation [since]
> Rule 8 does not [allow] pleading the bare elements of [the] cause
> of action [and] affix[ing] the label "general allegation" [in hope of
> developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no

set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at

(continued...)

applied to federal complaints before <u>Twombly</u>.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203

(3d Cir. 2009).  In light of <u>Iqbal</u>, the Third Circuit requires District Courts to conduct, with

regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for

failure to state a claim:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  [<u>See</u> <u>Iqbal</u>,
> 129 S. Ct. at 1949-50].  Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient
> to show that the plaintiff has a "plausible claim for relief" [in light
> of the definition of "plausibility" provided in <u>Iqbal</u>.]  In other
> words, a complaint must do *more than allege the plaintiff's*
> *entitlement to relief*.  A complaint has to "show" such an
> entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the
> Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts
> do not permit the court to infer more than the *mere possibility of*
> *misconduct, the complaint has alleged-but it has not 'show[n]'-'that*
> *the pleader is entitled to relief*.'"  <u>Iqbal</u>, [129 S. Ct. at 1949-50
> (emphasis supplied)].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed

liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

With these precepts in mind, the Court will determine whether the Complaint should be

dismissed for failure to state a claim upon which relief may be granted.

---

[1](...continued)
45-46.

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff asserts that Sheriff's Officer Omelio "participated in the issuance of a false complaint against me April 27th 2009 in Ocean County in a complaint falsely accusing me of terroristic threats in police case I-160-09 court code #1592, an act of obstruction of justice." (Docket Entry #1, p. 7.)  This Court construes these allegations as an attempt to state a malicious prosecution claim against Omelio under 42 U.S.C. § 1983.  A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998).  To state a claim for malicious prosecution, a plaintiff must assert facts showing that: "(1) the defendants initiated a criminal

6

proceeding; (2) the criminal proceeding ended in the plaintiff's favor[2]; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  McKenna v. City of Philadelphia, 582 F. 3d 447, 461 (3d Cir. 2009); see also Hartman v. Moore, 547 U.S. 250 (2006); Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007).  As written, Plaintiff's Complaint does not state a malicious prosecution claim under § 1983 against officer Omelio because Plaintiff has not pled facts showing each of the aforesaid elements.  Accordingly, the malicious prosecution claim will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also asserts that Officers Ader, Omelio, Mankowski, and Sullivan violated his constitutional rights under 42 U.S.C. § 1983 by transporting him to the Monmouth County Courthouse on September 28, 2009, and leaving him shackled for five hours in a holding cell without seeing a judge.  This Court presumes that Plaintiff was confined at Somerset County Jail a pretrial detainee and accordingly construes his allegations as an attempt to state a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment.[3]

---

[2] "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element."  Kossler v. Crisanti, 564 F. 3d 181, 187 (3d Cir. 2009).

[3] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."  Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).  As the Supreme Court explained,

> if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell, 441 U.S. at 539 (footnote and citation omitted).

The maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of . . . retained constitutional rights."  Bell, 411 U.S. at 546.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540.

The Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]"  Id. at 298 . . . .

8

> The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson v. Carroll, 495 F. 3d 62, 68 (3d Cir. 2007).

In this Complaint, Plaintiff complains that he was left shackled in a holding cell in the courthouse for five hours. However, Plaintiff's five-hour shackled confinement did not violate Due Process because Plaintiff was not subjected to genuine privation and hardship over an extended period of time. See Bell, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); Hubbard, 538 F. 3d at 235 (holding that triple celling of pretrial detainees and use of floor mattresses did not violate Due Process because the inmates "were not subjected to genuine privations and hardship over an extended period of time"); Piskanin v. Hammer, 269 Fed. App'x 159, 162-63 (3d Cir. 2008) (placement of pretrial detainee on suicide watch for brief six day period, during which time he could not contact counsel or file a habeas petition, did not amount to punishment prior to adjudication of guilt); Foreman v. Lowe, 261 Fed. App'x 401 (3d Cir. 2008) (immigration detainee's confinement in maximum security did not violate due process). Because Plaintiff was not subjected to genuine privations and hardships over an extended period of time, his due process rights were not violated and this

9

Court will dismiss the conditions of confinement claim for failure to state a claim upon which relief may be granted.

Plaintiff also asserts that Somerset County Sheriff's Department violated his rights under 42 U.S.C. § 1983.  However, a department is not a "person" which may be found liable under § 1983.  See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993). Although Somerset County is a municipal entity that may be subject to suit under 42 U.S.C. § 1983, see Ryan v. Burlington County, NJ, 889 F. 2d 1286, 1289 n.1, 1290 (3d Cir. 1989), a municipal entity cannot be held liable under § 1983 solely because it employs a tortfeasor.  See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978).  Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id.  Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by Somerset County inflicted any constitutional injury, the Complaint fails to state a claim against the municipal entity.

Because Plaintiff's allegations do not assert violation of his constitutional rights by any named defendant, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.  However, because Plaintiff may conceivably be able to assert facts establishing a malicious prosecution claim under § 1983 against Officer Omelio, the dismissal is without prejudice to the filing of an amended complaint stating a cognizable malicious prosecution claim within 30 days of the date of the entry of the Order accompanying this Opinion.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in forma pauperis</u> and dismisses the Complaint.  The Court will enter an appropriate Order.


<u>/s/ Joel A. Pisano</u>
**JOEL A. PISANO, U.S.D.J.**

Dated:  July 6, 2010

11